IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MICHAEL EDDIE WILLIAMS, #129140**                                                 **PLAINTIFF**

**VERSUS**                                                            **CAUSE NO.  4:13-cv-19-CWR-FKB**

**FRANK SHAW and SIMONE JONES**                                               **DEFENDANTS**

**MEMORANDUM OPINION**

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Williams, an inmate of the Mississippi Department of Corrections (MDOC), filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983, on January 29, 2013.  Plaintiff's request to proceed *in forma pauperis* was granted on February 12, 2013.  The named Defendants are Warden Frank Shaw and Lieutenant Simone Jones.  Upon liberal review of the Complaint and Response [7], the Court has reached the following conclusions.

Plaintiff was found guilty of a prison rule violation report (RVR) for possession of major contraband.  As a result of this guilty finding, Plaintiff lost his visitation, canteen, and telephone privileges for sixty days and he lost his "conjugal privileges" for six months.  Compl. [1] at 6. Plaintiff also states that the guilty finding "could" cause his custody or classification level to be reduced and it prevents him from "requesting a transfer."  Resp. [7] at 1.  Plaintiff's appeal of the RVR and resulting punishment was denied.[1]

Plaintiff complains that his constitutional rights were violated along with MDOC policy and procedure.  Specifically, Plaintiff asserts that his disciplinary hearing was not held within the time limit specified by MDOC policy, and that Jones, as the disciplinary hearing officer, allowed only one

---

[1]Plaintiff has attached a copy of Warden Shaw's response denying his appeal (via the MDOC administrative remedy program) of the RVR and resulting punishment.  *See* Resp. [7] at 2.

of his witnesses to testify and prevented him from making statements in his defense. Plaintiff asserts that he "requested an appeal and Warden Frank Shaw sided with his officer without looking at the evidence." Compl. [1] at 4. As relief, Plaintiff is seeking monetary damages and the removal of the RVR from his prison records.

## I. Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the Court has permitted Plaintiff to proceed *in forma pauperis* in this action, his Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff "must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010)(citation omitted). Initially, the Court notes that an inmate does not have a constitutional right to serve a sentence in any particular institution, or to be transferred or not transferred from one facility to another. *See Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir.1996). Nor does an inmate have a constitutional right to receive a certain custodial classification while incarcerated. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995); *see also Parker v. Currie,* 359 F. App'x 488, 490 (5th Cir. 2010)(holding an inmate's "mere disagreement with a [custodial] classification is insufficient to establish a constitutional violation"). Furthermore, the classification of prisoners in certain

2

custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir.1990)(citations omitted).

At best, Plaintiff is asserting that his constitutional rights were violated under the Due Process Clause when he lost his visitation, canteen, and telephone privileges. However, the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997). To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). The denial of prison privileges or the classification of Plaintiff in a certain custody level is not an "atypical and significant hardship" of prison life. *See Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003) (noting that "this circuit has continued to hold post-*Sandin* that an inmate has no protectable liberty interest in his classification" and remanding case to determine if lock-down status for thirty years was "atypical" under *Sandin*); *Lewis v. Dretke*, 54 F. App'x 795 (5th Cir. 2002)(finding restrictions on commissary and telephone privileges resulting from allegedly false disciplinary charges does not implicate due process); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999)(holding inmate has no constitutional right to visitation privileges); *Davis v. Carlson,* 837 F.2d 1318, 1319 (5th Cir. 1988)(holding inmate has no constitutional right to conjugal visits). In sum, Plaintiff does not have a constitutionally protected right to a certain classification level or any privileges associated with a certain custody level while in prison.

Furthermore, an inmate does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction. *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005); *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011)(finding prisoner "does not have a constitutional right to a grievance procedure at all" therefore claims that appeals within the prison system were "arbitrarily and capriciously denied" are not cognizable). As such, Plaintiff's claims related to how his grievance or appeal of this guilty finding was handled within the prison administrative remedy program are not cognizable.

Finally, Plaintiff is not entitled to relief under § 1983 based on his claim that MDOC policy and procedure was violated by this RVR and resulting disciplinary process. These allegations, without more, simply do not rise to a level of constitutional deprivation. *See Guiden v. Wilson,* 244 F. App'x 980, 981 (5th Cir. 2009) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)) ("A violation of a prison rule by itself is insufficient to set forth a claim of a constitutional violation.").

## II. Conclusion

As explained above, a possible change in Plaintiff's custody level and the restriction of his prison privileges does not amount to a constitutional deprivation. Nor does an unfavorable response to a prison grievance or a failure to follow prison policy amount to a constitutional deprivation. Therefore, this case is dismissed as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii), with prejudice. *See Berry,* 192 F.3d at 508 (finding inmate's § 1983 claim based on denial of visitation privileges properly dismissed as both frivolous and for failure to state a claim); *Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012)(finding inmate's claim that he was denied adequate investigation into his grievance was properly dismissed as frivolous).

Since this case is dismissed pursuant to the above-mentioned provisions of the Prison Litigation Reform Act, it will be counted as a "strike."[2]  If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 21st day of March, 2013.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."